IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00208-MSK-CBS

CONSUMER CRUSADE, INC., a Colorado corporation,

    Plaintiff,

v.

PUBLIC TELEPHONE CORPORATION OF AMERICA, a Florida corporation,
Its Officer(s) and Director(s), and
MUSA ESINLI,

    Defendants.

_____

# OPINION AND ORDER OVERRULING OBJECTIONS AND AFFIRMING ORDER GRANTING SANCTIONS
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Objections **(# 29)** of the November 4, 2005 Order **(# 25)** of United States Magistrate Judge Craig B. Shaffer granting the Defendant's Motion for Sanctions **(# 15)**, to which the Defendant has filed no response; and the Defendant's Motion to Strike **(# 31)** the Plaintiff's Objections, and the Plaintiff's response **(# 33)**.

The parties do not dispute the Magistrate Judge's findings of fact as to the procedural background of this case, and the Court will briefly summarize those findings. The Plaintiff commenced **(# 1)** this action on February 3, 2005, accusing the Defendants of having violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by sending unwanted fax transmissions. On March 3, 2005, the Defendants, through counsel, informed the Plaintiff that the Defendant

1

corporation had been dissolved nearly 20 years earlier and was not responsible for the faxes, and warned the Plaintiff that if the Complaint was not withdrawn, the Defendants would seek Rule 11 sanctions. The Plaintiff conducted additional research into the matter, and although it had concluded that the Defendants were not responsible for the faxes, on March 21, 2005, the Plaintiff's counsel wrote to the Defendants, refusing to withdraw the Complaint.

On April 5, 2005, pursuant to Fed. R. Civ. P. 11(c)(1)(A), the Defendants served the Plaintiff with a copy of a Motion for Sanctions they intended to file, alleging that the Plaintiff had no factual basis for their assertions and thus, the Complaint violated Fed. R. Civ. P. 11(b)(3). On May 18, 2005, after the 21-day safe harbor period of Rule 11(c)(1)(A) had expired but before the Defendants had filed their Motion for Sanctions, the Plaintiff moved to dismiss the case **(#13)**. The Court granted **(# 14)** the motion, dismissing the case. One week later, on June 2, 2005, the Defendants filed the Motion for Sanctions **(# 15)**.

On July 15, 2005, the Magistrate Judge issued an Order **(# 19)** setting a hearing on the Motion for Sanctions for September 7, 2005. At the hearing, the Magistrate Judge heard from several witnesses as to the nature and extent of the Plaintiff's research prior to filing and received evidence reflecting the parties' discussions subsequent to the filing of the Complaint. On November 4, 2005, the Magistrate Judge issued an Order **(# 25)**, finding that the Plaintiff had violated Rule 11 and granting the Defendants' Motion for Sanctions. The Magistrate Judge did not assess a particular amount for the sanction, and instead directed the Defendant to submit itemized bills reflecting its attorney's fees. On November 9, 2005, the Defendant submitted a Notice **(# 26)** requesting an award of $ 15,000.

On November 17, 2005, the Plaintiff filed timely[1] Objections **(# 29)** to the Magistrate Judge's Order, raising five main arguments: (i) the dismissal of the case deprived the Magistrate Judge of jurisdiction to consider the post-dismissal Rule 11 motion; (ii) the Magistrate Judge lacked an order of referral from this Court to hear the Rule 11 motion; (iii) the Magistrate Judge erred in considering evidence of actions that occurred after the filing of the Complaint; (iv) the Magistrate Judge erred in finding that the Complaint lacked evidentiary support; and (v) the Plaintiff is entitled to the protection of Rule 11's "safe harbor" provision because it offered to stipulate to dismissal of the case within the 21-day safe harbor period.

The Defendants did not file any opposition to the Plaintiff's Objections. Instead, on November 23, 2005, the Defendants moved to strike **(# 31)** the Plaintiff's Objections, solely on the ground that the Plaintiff had not attached a transcript of the hearing before the Magistrate Judge. On December 13, 2005, the Plaintiff responded to the Defendants' Motion to Strike, stating that it had ordered a transcript of the proceedings, and indeed, the Plaintiff filed that transcript on December 5, 2005, essentially mooting the Motion to Strike

**A. Standard of review**

It is not clear in this Circuit whether a Magistrate Judge's ruling on a motion for Rule 11 sanctions is a dispositive matter reviewable by this Court *de novo* under Fed. R. Civ. P. 72(b), or a non-dispositive ruling reversible only if clearly erroneous or contrary to law under Rule 72(a). *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 n. 7 (10th Cir. 2000). Because the Plaintiff does not actually dispute any of the factual findings actually made by the Magistrate Judge, this Court will

---

[1] The Plaintiff's Objections were originally filed on November 14, 2005, but in an incorrect electronic format. The material was refiled correctly on November 17.

accept those findings as accurate and apply *de novo* review to the Magistrate Judge's conclusions of law derived from the uncontested factual findings, as well as the additional factual findings urged by the Plaintiff in its Objections.

### B. Rule 11

Before proceeding to the merits of the Plaintiff's Objections, a brief review of Fed. R. Civ. P. 11 is warranted. As relevant here, the Rule provides that an attorney's signature on a pleading constitutes a representation that, according to "the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions has evidentiary support." Fed. R. Civ. P. 11(b)(3) (internal structure omitted). The standard to be applied is an objective one – whether a reasonable, competent attorney would believe, under the same circumstances, that the contentions were warranted. *See e.g. White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990).

Rule 11 sanctions may be sought by motion, but the Rule requires that such motions follow a specific procedure. The Rule requires that the motion first be served on the opponent, but that the movant wait at least 21 days before filing the motion with the Court. Fed. R. Civ. P. 11(c)(1)(A). If, during the 21-day "safe harbor" period, the challenged pleading is withdrawn or corrected by the opponent, the movant cannot seek sanctions. *Id.* (motion "shall not be filed with the or presented to the court unless, within 21 days after service of the motion . . . the challenged paper . . . is not withdrawn").

### C. Magistrate Judge's authority to hear Motion for Sanctions

The Plaintiff's first two Objections are directed at the question of whether the Magistrate Judge had the jurisdiction or authority to hear the Motion for Sanctions, either because the case had been dismissed or because there was no order of reference.

Turning first to the question of whether the Court had any jurisdiction to entertain the sanctions motion after the dismissal of the case, the Plaintiff does not cite to any law for the proposition that a Rule 11 motion cannot be filed after the dismissal of the case. Indeed, the Plaintiff states that "there is no authority for" such a proposition. Whether the Plaintiff's position is a purposeful attempt to mislead the Court or merely the result of sloppy and inadequate research is not clear. What is clear, however, is that there is ample authority for such an assertion.

It is well-settled that the Court retains jurisdiction to adjudicate a sanctions motion despite the dismissal of the underlying litigation. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). The Plaintiff contends that this rule applies only when the motion for sanctions has been filed <u>before</u> the case is dismissed, but it is clear that this is not an accurate statement of the law. "[A] motion for sanctions may be filed with the district court after a dismissal or a final order in the action[ ] if the Rule 11 motion was served upon the opposing party as least twenty-one days before the dismissal or judgment." *Wright & Miller*, <u>Federal Practice and Procedure</u>, § 1337.2, *citing Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025-26 (7th Cir. 1999); *see also Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) ("Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after the court no longer has jurisdiction over the substance of the case").

Although the Plaintiff's research even failed to turn up *Hutchinson v. Pfeil*, 208 F.3d 1180, 1183-84 (10th Cir. 2000), and its tantalizing observation that "as the motion [for sanctions] was filed subsequent to summary judgment, long after disposition of the interlocutory disputes cited as sanctionable conduct, reliance on Rule 11 would have been untimely," the Court finds that *Hutchinson* does not stand for the proposition that the filing of a Rule 11 motion filed after dismissal of an action is untimely in this Circuit. Most importantly, the court in *Hutchinson* was speaking in dicta, the quoted language being speculation as to why the defendants "did not move for sanctions under Rule 11." *Id.* at 1183. Moreover, *Hutchinson* relies on cases that are distinguishable on their facts from the instant situation. For example, *Hutchinson* cites *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998), as "reversing Rule 11 sanction imposed on motion filed after dismissal of sanctionable pleading." 208 F.3d at 1184. However, even the 9th Circuit recognizes that the crucial distinction in *Barber* was that the sanctions motion had not been <u>served</u> on the offending party prior to dismissal of the action. *See Truesdell v. Soutern California Permanente Medical Group*, 293 F.3d 1146, 1152 (9th Cir. 2002) (distinguishing *Barber* from case where sanctions movant served a motion prior to dismissal and filed it with court after dismissal). Similarly, *Hutchinson* cites *Ridder v. City of Springfield*, 109 F.3d 288, 294-95, 297 (6th Cir. 1997), as "holding Rule 11 motion <u>filed</u> after summary judgment ineffective." 208 F.3d at 1184 (emphasis added). This appears to be a misreading of *Ridder* however, which states "A party must now <u>serve</u> a Rule 11 motion on the allegedly offending party at least twenty-one days prior to conclusion of the case." 109 F.3d at 295 (emphasis added). Moreover, in *Ridder*, the court found that the defendant had not complied with Rule 11's safe harbor provision by serving the motion in advance, rendering any observation as to the viability of a sanctions motion filed

6

after dismissal to be dicta.[2]  Thus, *Hutchinson* does not stand for the proposition that a Rule 11 motion, served on the opponent prior to dismissal, may not be filed after a case has been dismissed.  *See also Geer v. Cox*, 2003 WL 22242493 (D. Kan. 2003) (unpublished) (doubting whether *Hutchinson* would apply in the circumstances presented here).

Accordingly, the Court finds that, so long as the Defendants complied with the procedural requirements of Rule 11(c)(1)(A), and so long as the Plaintiff's Complaint was pending at the time the Defendants <u>served</u> their motion on the Plaintiff, the fact that the motion was not actually <u>filed</u> until after dismissal of the action does not strip the Court of jurisdiction to hear the motion.  The record is clear that, at the time the Defendants served the Plaintiff with the sanctions motion on April 5, 2005, the Complaint was still pending, and the Defendants waited more than 21 days from April 5, 2005 to file the motion for sanctions with the Court.  Accordingly, the Court had jurisdiction to consider the sanctions motion.

Next, the Plaintiff contends that the Court had not properly referred the sanctions motion to the Magistrate Judge for ruling.  This contention is without merit.  Docket entry **# 17** indicates that the Defendants' Motion for Sanctions was specifically referred to the Magistrate Judge. Under the current Electronic Case Filing system, such a docket entry would automatically result in counsel receiving notification by e-mail.  However, on June 3, 2005, the Electronic Case Filing system was awaiting implementation, and thus, consistent with the practice of the Court prior to Electronic Case Filing, no independent notice of the reference was given to the parties.  In those

---

[2] The Sixth Circuit has expressly distanced itself from any suggestion in *Ridder* that a sanctions motion must be filed prior to dismissal. *See Powell v. Squire, Sanders & Dempsey*, 182 F.3d 918 (6th Cir. 1999) (unpublished) ("The determination in *Ridder* that the motion was required to be filed with the court prior to adjudication of the case was unnecessary . . . to the extent that *Ridder* stands for such a proposition, it is dicta and not binding on this court.").

days, counsel were expected to make use of the PACER system to manually review their cases' dockets periodically, a duty the Plaintiff's counsel appears not to have performed.

In any event, the Plaintiff has not shown any prejudice resulting from its failure to obtain notice that the motion had been referred to the Magistrate Judge. The Plaintiff certainly received the Magistrate Judge's order setting the hearing on the motion, and was present at that hearing. The Plaintiff claims that it did not expect the Magistrate Judge to hold an evidentiary hearing, and that it did not have its witnesses present, but this is an oversight chargeable to the Plaintiff's counsel. Having knowledge that a hearing on the motion was to be held, any uncertainty as to what would take place at that hearing could have been resolved by a simple telephone call to chambers. In any event, the record reveals that the Plaintiff was given the opportunity to summon its witnesses and evidence, and the Plaintiff's Objections do not claim that there was additional evidence the Plaintiff was unable to present as a result of its surprise at the evidentiary nature of the hearing.

Accordingly, the Court finds that the Magistrate Judge had the proper authority to consider the Motion for Sanctions.

**D.  Merits**

The Plaintiff raises two objections to the merits of the Magistrate Judge's conclusion that sanctions are appropriate: (i) that the Magistrate Judge erred in considering evidence of events that occurred after the case had been commenced, and (ii) that the Magistrate Judge's conclusion that the Complaint lacked evidentiary support was incorrect.

Turning first to the question of whether the Magistrate Judge properly considered the Plaintiff's actions after the case had been commenced, this argument appears to contend that the

Plaintiff had conducted adequate investigation prior to filing the action, and that the Magistrate Judge instead ruled that the offending conduct was the Plaintiff not dismissing the action after the Defendants notified it that it was mistaken. The Plaintiff cites to no authority for the proposition that it was inappropriate for the Magistrate Judge to consider evidence of events arising after the filing of the Complaint, and indeed, it appears that the Magistrate Judge was correct in considering such evidence. The advisory notes to Rule 11(b) state that "a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *Advisory Committee notes to 1993 Amendments*; *see also Young v. Corbin*, 889 F.Supp. 582, 585-86 (N.D.N.Y. 1995). Thus, the Court finds that the Magistrate Judge's consideration of post-Complaint acts by the Plaintiff was not improper.

The Plaintiff also contends that it had an adequate evidentiary basis for the allegations in its Complaint at the time of filing, based upon its two hours of pre-filing factual research. The Plaintiff does not contend that the Magistrate Judge applied the wrong test to evaluate the sufficiency of the Plaintiff's pre-filing investigation. *See Docket # 25 at 10, citing Cook v. Rockwell Intern. Corp.*, 147 F.R.D. 237, 246 (D. Colo. 1993) (reasonableness of party's pre-filing investigation requires consideration of (i) how much time the attorney had for investigation; (ii) whether the defendant permitted the plaintiff access to material information; and (iii) the complexity of the factual issues).

The Plaintiff does not specifically identify which of the three factors the Magistrate Judge applied improperly, nor does it challenge any of the Magistrate Judge's actual findings on these

9

issues. Instead, the Plaintiff cites to three facts that it contends are "very important" on the general issue of the reasonableness of its inquiry: (i) that senders of unsolicited fax transmissions hide their identities; (ii) that the Plaintiff "has assumed to responsibility to locate and identify the [ ] violators, in part, to comply with the requirements of Rule 11; and (iii) that the Plaintiff had obtained information from a website and a database of registered corporations that provided evidentiary support for its claims against the Defendants. *Docket* # 29 at 10. Even reconsidering *de novo* the Magistrate Judge's uncontested findings in conjunction with these three assertions, this Court finds that the Magistrate Judge's conclusions are correct. The fact that violators might conceal their identities might weigh on the second and third factors of the *Cook* analysis, but there is no evidence in the record that, prior to filing the Complaint, the Plaintiff attempted to confirm whether the Defendants were concealing their identities in this instance. Absent some evidence that the Defendants denied responsibility for the fax transmissions here, the fact that some senders conceal their responsibility in some cases is of no consequence here.[3]

The Plaintiff's second argument is of no apparent relevance. The Court fully expects that the Plaintiff would make efforts to comply with Rule 11 prior to filing an action.

The third argument, that the Plaintiff had data from a website and a business registration database, forms the crux of its argument that its pre-filing research was adequate. However, the Magistrate Judge found, without objection, that the website the Plaintiff relied upon was known to have supplied inaccurate information in the past. *Docket* # 25 at 11. Moreover, the business registration data revealed that the Defendant corporation had been dissolved nearly 20 years

---

[3] If anything, the Plaintiff's knowledge that senders conceal their identities and involvement would warrant more investigation before bringing an action, not less.

10

earlier. *Id.* at 4. These two bits of information – data from a website of questionable reliability and evidence of a similarly-named corporation dissolved 20 years earlier – does not constitute a reasonable factual basis for this litigation, in light of the admitted complexity of identifying those responsible for the transmissions and in light of the steps the Plaintiff did <u>not</u> take prior to filing. Notably, the Plaintiff did not call the telephone numbers on the fax transmissions for more information about the sender. *Id.* at 3, 12.

Viewing the entirety of the circumstances *de novo*, this Court agrees with the conclusions of the Magistrate Judge that the Plaintiff's skimpy pre-filing research was unreasonable in light of the time available for investigation and the complexity of identifying the senders of the transmissions.

### E. Compliance with the safe harbor

Finally, the Court considers whether the Plaintiff actually complied with Rule 11's safe harbor by attempting to withdraw the Complaint. The Plaintiff contends that, by filing an Answer, the Defendants precluded the Plaintiff from unilaterally withdrawing the action under Fed. R. Civ. P. 41(a)(1)(i), forcing any dismissal to be by stipulation under Rule 41(a)(1)(ii). The Plaintiff contends that it offered to enter into a stipulation of dismissal with the Defendants during the 21-day safe harbor period, but that the Defendants refused.

The Court has reviewed the entirety of the Magistrate Judge's Order, and finds no factual finding therein indicating that the Plaintiff offered to stipulate to dismissal within the 21-day period. However, upon a *de novo* review of the record, the Court finds evidence in support of this contention. Specifically, witnesses at the hearing testified to the fact that a stipulation of dismissal was tendered to the Defendants and rejected by them. *Docket* # 32 at 35. In addition,

the Defendants' underlying Motion for Sanctions admits that the Plaintiff's counsel requested that the Defendants join in a stipulation to dismiss, and the Defendants refused to do so. *Docket* # 16, ¶ 2. Although that record does not clearly identify the date upon which the stipulation was tendered, Exhibit 5 to the Plaintiff's Objections is a fax cover sheet from the Plaintiff's counsel to the Defendants' counsel, referencing the enclosure of a stipulation of dismissal, is dated April 21, 2005, the last day of the 21-day period. *See Docket* # 16 at ¶ 2. It is not clear whether this document was admitted at the hearing, but in any event, the Defendants have not objected to the Court's receipt of it for purposes of evaluating the timeliness of the Plaintiff's proposed stipulation.

On the one hand, the Court rejects the argument that sanctions should not be imposed because the Plaintiff attempted to avail itself of the safe harbor provisions. Although the Defendants' counsel, as an officer of the Court, is obligated not to needlessly delay or multiply the litigation, he is under no obligation to enter into stipulations, particularly where, for example, he reasonably believes that he is entitled to costs or fees that the stipulation calls on him to waive.[4] By waiting until the final day of the safe harbor period to tender a stipulation that the parties had not previously agreed to, the Plaintiff ran the risk that his overture would be rejected and the safe harbor period would expire. This is indeed what happened, and the objective fact remains that at the end of the period, the Plaintiff's Complaint remained pending.

On the other hand, the Court observes that the Defendants' intransigence had the effect of prolonging the litigation, forcing the parties and the Court to expend additional resources to

---

[4]The Court is speaking hypothetically about the terms of the proposed stipulation, as its contents are not part of the record.

resolve what was no longer a substantive dispute, but now simply an effort to extract some measure of revenge. Every party has the right to zealously pursue all legal relief to which they may be entitled, but counsel have a concomitant obligation as officers of the court and stewards of the process to discourage the pursuit of the frivolous, inconsequential, or ineffective remedies. Here, the Defendants' own billing records indicate that, as of April 26, 2005, they had expended $6,296 in fees responding to this action. *Docket* # 26. After refusing to stipulate to dismissal, the Defendants have incurred more than $10,000 in additional fees and costs, solely for the privilege of pursing sanctions. *Id.*

On the facts presented here, both sides are at fault for prolonging a dispute that, with reasoned discussion and good judgment, could have been concluded quickly and at far less cost than both sides have incurred. Although the commencement of unfounded litigation against the Defendants forced them to unnecessarily incur a small amount of attorney fees, the bulk of the Defendants' losses to date has resulted from their own actions.

The Court finds that the expenses each side has incurred act as a far better deterrent to this type of conduct in the future than any sanction the Court could fashion. *See Hutchinson*, 208 F.3d at 1183 (purpose of Rule 11 sanctions is deterrence, not compensation). Accordingly, the Court finds that although a sanction against the Plaintiff for commencing unfounded litigation is appropriate, the Defendants' own conduct in prolonging and increasing the costs of litigation by refusing to stipulate to dismissal during the safe harbor period warrants a sanction in which no amount is awarded. *Andretti v. Borla Performance Industries*, 426 F.3d 824, 834 (6th Cir. 2005).

For the foregoing reasons, the Plaintiff's Objections **(# 29)** are **OVERRULED**, and the Court **AFFIRMS** the November 4, 2005 Order **(# 25)** of the Magistrate Judge. The Defendants' Motion for Sanctions **(# 15)** is **GRANTED**. However, for the reasons stated herein, the Court concludes that the appropriate sanction is the reprimand to the Plaintiff, *infra.* The Defendants' Motion to Strike **(# 31)** is **DENIED** as moot.

Dated this 21st day of August, 2006

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge